SALVADOR FULLADOSA Y SOUFFRONT, Petitioner and Appellant, v. MUNICIPAL COURT OF MAYAGÜEZ, Respondent.

No. 4755. Argued November 16, 1928.—Decided February 14, 1929.

*Genaro Atieri* and *L. Tormes* for the appellant. *A. Ramírez Silva* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Eloy González Villalta, a registered voter in the municipality of Mayagüez, petitioned the Insular Board of Elections of Porto Rico for the exclusion from the registration lists made in 1920 in the municipality of Mayagüez of the name of Salvador Fulladosa Souffront as an elector because he had not voted in 1924. A counter-statement was presented by Tomás Ramírez Cuerda, a voter of the same municipality, alleging that to his knowledge Fulladosa had furnished an excuse which was considered sufficient by the Insular Board of Elections. The board denied the exclusion and petitioner González Villalta appealed to the municipal court of Mayagüez, giving notice of the appeal to the Insular Board of Elections which remitted the case to the said court. The court set a day for the hearing and ordered that notice be given to the interested parties, to Tomás Ramírez Cuerda

and to the Insular Board of Elections. The case was heard by the municipal court on July 28, 1928, the parties appearing being appellant Eloy González personally and by attorney, Tomás Ramírez Cuerda personally and Salvador Fulladosa Souffront represented by attorney Emilio Forestier Gregory. After hearing the evidence the court sustained the challenge and ordered the General Supervisor of Elections to exclude the name of Fulladosa as an elector. Fulladosa petitioned the district court for a writ of certiorari against the said municipal court and its judge, Gilberto López de Victoria. The writ ordering the original record to be sent up was issued and the order was obeyed. The case was heard by the District Court of Mayagüez and judgment was rendered, accompanied by an opinion, dismissing the petition in certiorari. From that judgment an appeal has been taken to this court.

Five errors have been assigned by the appellant. The first assignment reads as follows:

"1. The lower court erred in holding that the appeal taken by one Eloy González from the decision of the Insular Board of Elections refusing to strike his name from the registration lists of electors corresponding to the precinct of Mayagüez was perfected by the notice given to the Insular Board of Elections without any notice to the petitioner-appellant, the party prejudiced by that appeal."

The record contains the judgment rendered by the municipal court. It reads as follows:

"On July 28, 1928, the date set by this court for hearing this case, appeared appellant Eloy González personally and by attorney Pedro Baiges Gómez, the challenged voter Salvador Fulladosa Souffront of the ward of Candelaria in the election precinct of Mayagüez represented by attorney Emilio Forestier Gregory and Tomás Ramírez Cuerda personally.

"The Insular Board of Elections did not appear, although the record shows that it had been duly notified.

"After informing the parties that the ·case was being heard de novo and that they could present and examine any evidence lawfully relevant to the case, the court proceeded to hear the evidence

offered by all of the parties and reserved its decision until this date. It now holds that the law and the facts are in favor of the challenger-appellant and against the challenged elector and therefore sustains the challenge and orders the General Superintendent of Elections of Porto Rico to proceed forthwith and without any excuse to exclude the name of Salvador Fulladosa Souffront of the ward of Candelaria of the Municipality of Mayagüez from the polling lists of the Municipality of Mayagüez.

"Let notice of this judgment be given to the Insular Board of Elections, to the General Superintendent of Elections of Porto Rico and to all parties interested therein."

That notice was given to all of the parties appears on page 14 of the transcript.

The record shows that Salvador Fulladosa took part in the hearing on appeal, was heard, participated in the evidence and was notified of the judgment.

As regards the jurisdiction of the municipal court, it was acquired under section 32 of the Elections Act, as amended in 1924, by giving notice of the appeal to the Supervisor of Elections as required.

The case of *Padilla* v. *Justice of the Peace of Maricao,* 35 P.R.R. 276, cited by the appellant, is not similar to this case and is not applicable. In the instant case appellant Fulladosa had an opportunity to appear at the hearing, did appear by his attorney, intervened in the evidence and was given notice of the judgment. It was otherwise in the Padilla case.

The second assignment is that the court erred in finding that this appellant had appeared before the municipal court by attorney Forestier and had submitted to its jurisdiction, while there is nothing in the record to show such appearance in representation of the appellant.

In view of the judgment of the municipal court (p. 13 of the record) and the notice thereof given to attorney Forestier as representative of Salvador Fulladosa (p. 14 of the record), this assignment of error has no support. In a certiorari proceeding of this nature the court must rely on the return

for the facts without looking for outside facts or indulging in unjustified hypotheses.

In the third assignment the appellant alleges that the appeal of Eloy González from the decision of the Insular Board of Elections could not be included in the calendar without previous payment of the fees required by Act No. 17 of 1915. We have read that Act and find in it no section requiring such fees. No mention is made therein of appeals to the municipal courts. As properly asserted with sound logic by the attorney for the appellee, López de Victoria, to require in these appeals to the municipal courts the payment of fees would establish a discrimination in favor of appellants to justice of the peace courts and against appellants to municipal courts, inasmuch as in appeals to the former no fees whatever are required.

The fourth assignment of error reads as follows:

"4. The lower court erred in holding that the Municipal Court of Mayagüez acquired jurisdiction of the subject matter of the case as it dealt with an application for exclusion on the ground of the failure of the petitioner to vote in the 1924 election, which ground for exclusion is not included among those of section 30 of the Elections Act, especially as the appellant had been excused by the Insular Board of Elections for his failure to vote in the 1924 election and that decision, which was appealable to the District Court of San Juan under section 20 of the Elections Act, became final."

Section 30 of the Elections Act confers on any person registered as a voter in a municipality the right to petition for the exclusion of voters of said municipality if he has reason to believe that they are unlawfully registered. One of the grounds there set forth on which a petition for exclusion may be based is that the person whose exclusion is sought does not meet the legal requirements to be a voter in the municipality.

Section 16 of the Elections Act cited by the appellant reads as follows:

"Voting shall be compulsory, and every person registered as an

elector on the day of an election shall be under the obligation to vote in the precinct and polling place to which his registration pertains at such election, and failing to do so he shall be deprived of the right to vote at the two subsequent elections: *Provided, however,* That nothing in this Act shall be construed to mean that any person shall be deprived of the right to vote because of his failure to vote in the election held on November 2, 1920, and all penalties or liabilities to which all persons may have been liable for that reason, are hereby removed.''

This assignment of error has as its basis, not the better right of the possible elector to be included in the list, but, as clearly stated by the appellant, the fact that the court acquired jurisdiction of the subject matter of the case on the ground of exclusion which, it is stated, is not included in section 30 of the Elections Act. Such is essentially the ground of the fourth assignment.

The remedy used by the appellant herein is that of certiorari based on jurisdiction or procedure. The petitions set forth as grounds the lack of jurisdiction in the municipal court for failure to give notice of the appeal to the appellant herein, failure to give notice of the day set for the hearing, failure to pay the fees of the schedule, insufficiency of the grounds for the exclusion and lack of any other adequate and effective legal remedy available for the petitioner. Really, these are the matters referred to in the judgment appealed from in which the question as to whether or not the appellant had been duly excused is not mentioned.

It is to be regretted that the strict limit of a certiorari proceeding does not permit us to go into the consideration and determination of any other question than that of jurisdiction or procedure. This court has held that certiorari has not been established to take the place of a writ of error or appeal (*Hernández* v. *District Court,* 17 P.R.R. 498, citing the cases of *Arribas* v. *District Court* and *Barreras et al.* v. *District Court*), and that ''certiorari proceedings cannot be made use of to review judgments upon their merits, but only to determine whether in the rendition of such judgments the rules

fixing the jurisdiction of the judges have been observed and whether or not the procedure established by law has been followed." *Axtmayer et al.* v. *District Judge,* 14 P.R.R. 627, cited with approval in *Delgado et al.* v. *Soto Nussa, Judge,* 18 P.R.R. 313, and in *López* v. *Córdova Dávila,* 18 P.R.R. 1.

Consequently the judgment is in accordance with the facts and the law, and this disposes of the fifth assignment of error.

The judgment appealed from must be affirmed.